**Larry GIRALDES, Jr., Plaintiff–
Appellant,**

v.

**Dr. ROCHE;  et al., Defendants–
Appellees.**

No. 08–15388.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Larry Giraldes, Jr., Corcoran, CA, pro se.

Tracy S. Hendrickson, Supervising Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Larry Giraldes, Jr., a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging retaliation and med-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ical deliberate indifference in violation of the First and Eighth Amendments. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006), and we affirm in part, vacate in part, and remand.

The district court properly granted summary judgment on Giraldes's Eighth Amendment claims regarding his knee condition and need for pain management because Giraldes failed to raise a triable issue as to whether defendants' chosen course of treatment was medically unacceptable under the circumstances. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir.2004).

As for the remaining Eighth Amendment claims, the district court's ruling was based on (1) defendants' showing that Giraldes was provided some treatment and referred to a specialist, and (2) Giraldes's failure to establish that he was denied treatment altogether. Although Giraldes admitted that the defendants provided some treatment, he argued that the treatment provided was medically unacceptable under the circumstances. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996) (stating that a plaintiff can support a claim of deliberate indifference by showing that a physician's treatment decision was motivated by something other than medical judgment). In opposition to summary judgment, Giraldes submitted medical records, a sworn declaration, and deposition testimony and contended that, as reprisal to Giraldes for filing a previous lawsuit, defendants refused to follow the course of treatment recommended by the specialist. Because the district court's order is silent regarding the evidence submitted in opposition to summary judgment, we vacate the judgment with respect to the Eighth Amendment claims concerning Giraldes's gastrointestinal disease and dumping syndrome, and the First Amendment retaliation claims, and remand for the district court to consider in the first instance whether that evidence raises a triable issue.

The district court did not abuse its discretion by denying Giraldes's motions for appointment of counsel because, at that stage of proceedings, Giraldes failed to demonstrate "exceptional circumstances" warranting appointment of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991).

Accordingly, we vacate the grant of summary judgment on Giraldes's Eighth Amendment claims related to his gastroesophageal disease and dumping syndrome, vacate the grant of summary judgment on the First Amendment claims, and remand for further proceedings.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**